Alyssa Koepfgen
Evelyn Mailander
SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br>v.<br><br>ACCURATE SM, LLC,<br><br>Defendant. | COMPLAINT |

## I. INTRODUCTION

1. This action is a citizen suit brought under Section 505 of the Clean Water Act ("CWA") as amended, 33 U.S.C. § 1365. Plaintiff, Puget Soundkeeper Alliance ("Soundkeeper"), seeks declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witnesses' fees, for Defendant Accurate SM, LLC's, dba Accurate Sheet Metal Inc. ("Accurate SM's"), repeated and ongoing violations of the terms and conditions of its National Pollutant Discharge Elimination System ("NPDES") permit authorizing certain stormwater discharges of pollutants from Accurate SM's facility in Mukilteo, Washington to navigable waters.

## II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over Soundkeeper's claims under Section 505(a) of the CWA, 33 U.S.C. § 1365(a). Sections 309(d) and 505(a) and (d) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a) and (d), authorize the relief Soundkeeper requests.

3. Under Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Soundkeeper notified Accurate SM of its violations of the CWA and of Soundkeeper's intent to sue under the CWA by letter dated and postmarked October 2, 2024 ("Notice Letter"). A copy of the Notice Letter is attached to this complaint as Exhibit 1. The allegations in the Notice Letter are incorporated herein by this reference. In accordance with section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2(a)(1), Soundkeeper notified the Administrator of the United States Environmental Protection Agency ("EPA"), the Administrator of EPA Region 10, and the Director of the Washington Department of Ecology ("Ecology") of its intent to sue Accurate SM by mailing copies of the Notice Letter to these individuals on October 2, 2024.

4. At the time of the filing of this Complaint, more than sixty days have passed since the Notice Letter and copies thereof were issued in the manner described in the preceding paragraph.

5. The violations complained of in the Notice Letter are continuing and/or are reasonably likely to re-occur.

6. At the time of the filing of this Complaint, neither the EPA nor Ecology has commenced any action constituting diligent prosecution to redress the violations alleged in the Notice Letter.



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

7. The source of the violations complained of is in Snohomish County, Washington, within the Western District of Washington, and venue is therefore appropriate in the Western District of Washington under Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), and 28 U.S.C. § 1391(b).

## III. PARTIES

8. Soundkeeper is suing on behalf of itself and its members.

9. Soundkeeper is a non-profit corporation organized under the laws of the state of Washington. Soundkeeper is dedicated to protecting and preserving the environment of Washington State, especially the quality of its waters. Soundkeeper is a membership organization and has at least one member who is injured by Accurate SM's violations.

10. Soundkeeper has representational standing to bring this action. Soundkeeper's members are reasonably concerned about the effects of discharges of pollutants, including stormwater from Accurate SM's facility, on water quality and aquatic species and wildlife that Soundkeeper's members observe, study, use, and enjoy. Soundkeeper's members are further concerned about the effects of discharges from Accurate SM's facility on human health. In addition, discharges from Accurate SM's facility lessen Soundkeeper's members' aesthetic enjoyment of nearby areas. Soundkeeper has members who live, work, fish, and recreate around or use Big Gulch Creek and Puget Sound, which are affected by Accurate SM's discharges. Soundkeeper's members' concerns about the effects of Accurate SM's discharges are aggravated by Accurate SM's failure to record and report information about its discharges and pollution controls in a timely manner. The recreational, scientific, economic, aesthetic, and/or health interests of Soundkeeper and its members have been, are being, and will be adversely affected by



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Accurate SM's violations of the CWA. The relief sought in this lawsuit can redress the injuries to these interests.

11. Soundkeeper has organizational standing to bring this action. Soundkeeper has been actively engaged in a variety of educational and advocacy efforts to improve water quality and to address sources of water quality degradation in the waters of Western Washington, including the Cedar-Sammamish River watershed. As detailed herein and in the Notice Letter, Accurate SM has failed to comply with numerous requirements of its NPDES permit including completing corrective actions, compliance with water quality standards and sampling requirements, Stormwater Pollution Prevention Plan, maintenance, monitoring, recordkeeping, and permit violation reporting requirements. As a result, Soundkeeper is deprived of information necessary to properly serve its members by providing information and taking appropriate action to advance its mission. Soundkeeper's efforts to educate and advocate for greater environmental protection, and to ensure the success of environmental restoration projects implemented for the benefit of its members are also obstructed. Finally, Soundkeeper and the public are deprived of information that influences members of the public to become members of Soundkeeper, thereby reducing Soundkeeper's membership numbers. Thus, Soundkeeper's organizational interests have been adversely affected by Accurate SM's violations. These injuries are fairly traceable to Accurate SM's violations and are redressable by the Court.

12. Defendant Accurate SM is a corporation authorized to conduct business under the laws of the state of Washington.

13. Accurate SM operates an approximately 1.5-acre sheet metal manufacturing and assembling facility, located at or about 4301 Russell Road, Mukilteo, WA 98275 (referred to herein as the "facility").



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

## IV. LEGAL BACKGROUND

14. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person, unless in compliance with the provisions of the CWA. A discharge of a pollutant from a point source to waters of the United States without authorization by a NPDES permit, issued under Section 402 of the CWA, 33 U.S.C. § 1342, is prohibited.

15. The state of Washington has established a federally approved state NPDES program administered by Ecology. Wash. Rev. Code § 90.48.260; Wash. Admin. Code ch. 173-220. This program was approved by the Administrator of the EPA pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b).

16. Under Section 402 of the CWA, 33 U.S.C. § 1342, Ecology has repeatedly issued iterations of the Industrial Stormwater General Permits, most recently on November 20, 2019, effective January 1, 2020, and set to expire December 31, 2024 (the "2020 ISGP"). The previous permit was issued December 3, 2014, became effective January 2, 2015, and expired December 31, 2019 (the "2015 ISGP"). The 2015 ISGP and 2020 ISGP (collectively, "the Permit"), contain substantially similar requirements and authorize those that obtain coverage thereunder to discharge stormwater associated with industrial activity, a pollutant under the CWA, and other pollutants contained in the stormwater to waters of the United States subject to certain terms and conditions. Ecology issued the forthcoming permit on December 2, 2024, which will go into effect on January 1, 2025 (the "2025 ISGP"). The terms of the 2025 ISGP are substantially similar to those of the 2015 ISGP and 2020 ISGP, and its terms require implementation of source control and treatment best management practices from the 2015 ISGP and 2020 ISGP. All of the ongoing violations alleged in this Complaint will continue to be ongoing at the time the 2025 ISGP goes into effect.



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

17. The Permit imposes certain terms and conditions on those covered thereby, including requirements for monitoring and sampling of discharges, reporting and recordkeeping requirements, and restrictions on the quality of stormwater discharges. To reduce and eliminate pollutants in stormwater discharges, the Permit requires, among other things, that permittees develop and implement best management practices ("BMPs") and a Stormwater Pollution Prevention Plan ("SWPPP"), and apply all known and reasonable methods of prevention, control, and treatment ("AKART") to discharges. The specific terms and conditions of the Permit are described in detail in the Notice Letter, attached hereto as Exhibit 1 and incorporated herein by this reference.

## V. FACTS

18. Ecology granted Accurate SM coverage for the facility under the 2015 ISGP under Permit number WAR307250, and granted Accurate SM coverage under the 2020 ISGP under the same permit number, WAR307250.

19. Accurate SM discharges stormwater and pollutants associated with industrial activity to Big Gulch Creek, a tributary to Puget Sound, via catch basins, pipes, ditches, and/or a municipal stormwater conveyance system.

20. Accurate SM's facility is engaged in industrial activities and is approximately 1.5 acres, which consists of a building surrounded by an impervious asphalt parking lot and loading area to the south and east. Accurate SM's facility has multiple distinct points of discharge where stormwater and other pollutants leave the facility, including "Outfall 4301" and a second outfall which is unidentified, eventually entering Big Gulch Creek.

21. Accurate SM has violated and continues to violate "effluent standards or limitations," as defined by 33 U.S.C. §1365(f), including conditions of the NPDES permit found



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

at Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342. Accurate SM's violations of the Permit and the CWA are set forth in sections I through VII of the Notice Letter attached hereto as Exhibit 1 and are incorporated herein by this reference. In particular, and among the other violations described in the Notice letter, Accurate SM has violated the Permit by failing to comply with water quality standards, failing to comply with AKART standards, failing to prepare and implement an adequate SWPPP, failing to implement BMPs to control water quality, failing to collect quarterly samples, failing to timely submit Discharge Monitoring Reports ("DMRs"), failing to collect representative samples, failing to comply with visual monitoring requirements, failing to implement corrective actions, failing to complete accurate and complete annual reports, failing to record information, failing to retain records, and failing to report Permit violations.

22. Accurate SM discharges stormwater from the facility containing levels of pollutants that exceed the benchmark values established by the Permit, including the days on which Accurate SM collected samples from Monitoring Point 4301, with the results identified in Table 1, and is likely to continue discharging comparably unacceptable levels of pollutants in its stormwater:

**Table 1: Benchmark Exceedances**

| Quarter in which sample was collected | Turbidity (benchmark 25 NTU) | Copper (benchmark 14 µg/L) | Zinc (benchmark 117 µg/L) | NWTPH-Dx (benchmark 10 mg/L) |
|---|---|---|---|---|
| Q4 2020 | | | 594 | |
| Q1 2021 | | 50.4 | 3800 | |
| Q2 2021 | | 56.6 | 1850 | |
| Q3 2021 | 84 | 16.6 | 853 | |
| Q4 2021 | 295 | 130 | 3920 | |
| Q1 2022 | 652 | 75.9 | 3870 | |
| Q2 2022 | 197 | 29.1 | 1890 | |
| Q4 2022 | | | 2090 | |
| Q1 2023 | | 71 | 1280 | 15.3 |



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

| | | | | |
|---|---|---|---|---|
| Q2 2023 | | 27.7 | 3100 | |
| Q3 2023 | | 33.6 | 1080 | |
| Q4 2023 | 45.1 | 34.4 | 331 | |
| Q1 2024 | | 15.6 | 547 | |
| Q2 2024 | 39.2 | 17 | 813 | |
| Q3 2024 | | 25.5 | 714 | |

23. The stormwater samples identified in Table 1 are representative of and accurately characterize the quality of stormwater discharges generated by the facility during the associated calendar quarters. The stormwater monitoring data provided in Table 1 shows benchmark exceedances included in the stormwater monitoring results that Accurate SM submitted to Ecology.

24. Accurate SM's stormwater discharges are causing or contributing to violations of water quality standards and therefore violate Condition S10.A of the Permits. Discharges from Accurate SM's facility contribute to the polluted conditions of the waters of the state, including the water quality standards of Big Gulch Creek and Puget Sound. Discharges from Accurate SM's facility contribute to the ecological impacts that result from the pollution of these waters and to Soundkeeper and its members' injuries resulting therefrom. These requirements and Accurate SM's violations thereof are described in detail in section I.A of the Notice Letter, attached hereto as Exhibit 1, and incorporated herein by this reference.

25. Accurate SM's exceedances of the benchmark values indicate that Accurate SM is failing to apply AKART to its discharges and is failing to implement an adequate SWPPP and BMPs. Accurate SM violated and continues to violate Conditions S10 and S3 of the Permits by not developing, modifying, and/or implementing BMPs in accordance with the requirements of the Permit, and/or by not applying AKART to discharges from the facility. These requirements



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

and Accurate SM's violations thereof are described in detail in section I.B and section II of the Notice Letter, attached as Exhibit 1, and incorporated herein by this reference.

26. Accurate SM has violated and continues to violate the monitoring requirements of the Conditions S4.B, S5.A, S7, and S9.B of the Permits. Accurate SM has failed to sample its stormwater discharges once during every calendar quarter at each distinct point of discharge offsite except for substantially identical outfalls. Accurate SM failed to submit DMRs by the prescribed deadline in Permit Condition S9. Accurate SM failed to collect representative samples as required by Permit Condition S9. Accurate SM failed to comply with visual monitoring requirements required by Permit Condition S7 by failing to conduct Industrial Stormwater Monthly Inspection Reports, failing to maintain the requisite inspection reports and checklists, and failing to make the requisite certifications and summaries by qualified personnel each and every month for the last five years. Accurate SM's violations of the Permit's monitoring requirement are described in section III of the Notice Letter, attached hereto as Exhibit 1, and incorporated herein by this reference. All these violations are reasonably likely to recur.

27. Accurate SM triggered Level One Corrective Action requirements for each benchmark exceedance identified in Table 1 above. Accurate SM has violated the requirements of Condition S8.B of the Permits by failing to conduct Level One Corrective Action requirements in accordance with the Permit's conditions, including the required inspection to investigate the cause; review, revision, and certification of the SWPPP; the required implementation of additional BMPs; and the required summarization in the Annual Report, each time during the past five years that its quarterly stormwater sampling results were greater than a benchmark, including the benchmark exceedances listed in Table 1 above. These Corrective Action requirements and Accurate SM's violations thereof are described in section IV.A of the



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

28. Accurate SM triggered Level Two Corrective Action requirements for each benchmark exceedance identified in Table 1 above that occurred in any two quarters of a calendar year. Accurate SM has violated the requirements of Condition S8.C of the Permits by failing to conduct a Level Two Corrective Action in accordance with Permit conditions, including the required review, revision, and certification of the SWPPP, the required implementation of additional structural source control BMPs, and the required summarization in the Annual Report, each time during the past five years that its quarterly stormwater sampling results were greater than a benchmark, for any two quarters during a calendar year, including the benchmark exceedances listed in Table 1 above. These violations include Accurate SM's failure to perform Level Two Corrective Action requirements for copper and zinc triggered by its stormwater sampling during calendar year 2021; for turbidity, zinc, and copper triggered by its stormwater sampling during calendar year 2022; for zinc and copper triggered by its stormwater sampling during calendar year 2023; and for zinc and copper triggered by its stormwater sampling during calendar year 2024. These corrective action requirements and Accurate SM's violations thereof are described in section IV.B of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

29. Accurate SM triggered Level Three Corrective Action requirements for each benchmark exceedance identified in Table 1 above that occurred in any three quarters of a calendar year. Accurate SM has violated the requirements of Condition S8.D of the Permits by failing to conduct a Level Three Corrective Action in accordance with Permit conditions, including the required review, revision, and certification of the SWPPP, the required preparation



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

and submission of an engineering report describing additional treatment BMPs, the required submission of an Operation and Maintenance Manual, the required implementation of additional treatment BMPs, and the required summarization in the Annual Report, each time during the past five years that its quarterly stormwater sampling results were greater than a benchmark, for any three quarters during a calendar year, including the benchmark exceedances listed in Table 1 above. These violations include Accurate SM's failure to fulfill these obligations for zinc and copper triggered by its stormwater sampling during calendar year 2021; zinc triggered by its stormwater sampling during calendar year 2022; zinc and copper triggered by stormwater sampling during calendar year 2023; and zinc and copper triggered by stormwater sampling during calendar year 2024. These corrective action requirements and Accurate SM's violations thereof are described in section IV.C of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

30. Accurate SM has failed to comply with the requirement to submit an accurate and complete annual report to Ecology each year as required Condition S9.B of the 2015 Permit and Condition S9.C of the 2020 Permit. Accurate SM has failed to comply with the requirement to document its corrective actions as required by Permit Conditions S8.B-D. Accurate SM has violated these conditions because the annual reports submitted by Accurate SM do not include the required information including as to stormwater problems and corrective actions. These requirements and Accurate SM's violations thereof are described in section V of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

31. Accurate SM has failed and continues to fail to comply with the recordkeeping requirements of Permit Condition S4.B.4 of the Permits. Accurate SM does not record and retain



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

specified information for each stormwater sample taken, including the sample date and time, a notation describing if Accurate SM collected the sample within the first twelve hours of a stormwater discharge event, an explanation of why Accurate SM could not collect a sample within the first twelve hours of a stormwater discharge event, the sample location, method of sampling and of preservation, and the individual performing the sampling, as required by the Permit Condition. These requirements and Accurate SM's violations thereof are described in section VI.A of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

32. Accurate SM has failed and continues to fail to comply with recordkeeping requirements of Permit Condition S9.C of the 2015 ISGP and S9.D. of the 2020 ISGP. Accurate SM does not retain for a minimum of five years a copy of the current Permit, a copy of Accurate SM's coverage letter, records of all sampling information, inspection reports including required documentation, any other documentation of compliance with permit requirements, all equipment calibration records, all BMP maintenance records, all original recordings for continuous sampling instrumentation, copies of all laboratory results, copies of all required reports, and records of all data used to complete the application for the Permit, as required by the Permit Conditions. These requirements and Accurate SM's violations thereof are described in section VI.B of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference. These violations are reasonably likely to recur.

33. Conditions S9.E of the 2015 Permit and S9.F of the 2020 Permit require Accurate SM to take certain actions, including reporting to Ecology, in the event Accurate SM is unable to comply with any terms and conditions of the Permit which may endanger human health or the environment. Accurate SM has failed to comply with these requirements of the Permit by failing



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

to report and subsequently correct permit violations, including each and every time Accurate SM failed to comply with corrective action requirements as described above in paragraphs 27-29, each and every time Accurate SM failed to sample a stormwater discharge as described above in paragraph 26, and each and every time Accurate SM discharged stormwater with amounts of pollutants in excess of the Permit benchmarks as described in paragraph 22 above. These violations are reasonably likely to recur.

34. A significant penalty should be imposed against Accurate SM under the penalty factors set forth in 33 U.S.C. § 1319(d).

35. Accurate SM's violations were avoidable had Accurate SM been diligent in overseeing facility operations and maintenance.

36. Accurate SM benefited economically as a consequence of its violations and failure to implement improvements at the facility.

37. Accurate SM's violations caused and contributed to pollution in the water column and sediments of the receiving water, which may be ameliorated by an order from the Court requiring clean up or monitoring.

## VI. CAUSE OF ACTION

38. The preceding paragraphs and the allegations in the Notice Letter attached hereto as Exhibit 1 are incorporated herein.

39. Accurate SM's violations of the Permit, described herein and in the Notice Letter, constitute violations of "effluent standards or limitations" under the CWA per 33 U.S.C. § 1365(a)(1) and (f)(7).

40. No agency has taken an enforcement action constituting diligent prosecution or otherwise precluding claims under 33 U.S.C. §§ 1319 or 1365(a).



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

41. Prior notice of violations and claims was provided to Accurate SM and others as required.

42. These violations committed by Accurate SM are ongoing or are reasonably likely to continue to occur. Any and all additional violations of the Permit and the CWA which occur after those described in Soundkeeper's Notice Letter, but before a final decision in this action, should be considered ongoing violations subject to this Complaint.

43. Without the imposition of appropriate civil penalties and the issuance of an injunction, Accurate SM is likely to continue to violate the Permit and the CWA to the further injury of Soundkeeper, its members, and others.

## VII. RELIEF REQUESTED

Wherefore, Soundkeeper respectfully requests that this Court grant the following relief:

A. Issue a declaratory judgment that Accurate SM has violated and continues to be in violation of the Permit and the CWA;

B. Enjoin Accurate SM from operating the facility in a manner that results in further violations of the Permit and the CWA;

C. Order Accurate SM to immediately implement a SWPPP that complies with the Permit at the facility;

D. Order Accurate SM to allow Soundkeeper to participate in the development and implementation of Accurate SM's SWPPP and compliance plan;

E. Order Accurate SM to provide Soundkeeper, for a period beginning on the date of the Court's Order and running for three years after Accurate SM achieves compliance with all of the conditions of the Permit, with copies of all reports and other documents which Accurate SM



SMITH & LOWNEY, PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

submits to Ecology regarding Accurate SM's coverage under the Permit at the facility at the time these documents are submitted;

F. Order Accurate SM to take specific actions to remediate the environmental harm caused by its violations;

G. Order Accurate SM to pay civil penalties of $66,712 per day of violation for each violation committed by Accurate SM, pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a), and 40 C.F.R. §§ 19 and 19.4;

H. Award Soundkeeper its litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d), and any other applicable authorization; and

I. Award such other relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 4th day of December, 2024

**SMITH & LOWNEY, PLLC**

By: By: *s/Alyssa Koepfgen*
Alyssa Koepfgen, WSBA #46773
By: *s/Evelyn Mailander*
Evelyn Mailander, WSBA #62827
Attorneys for Plaintiff
2317 E. John St.,
Seattle, WA 98112
Tel: (206) 860-2124
Fax: (206) 860-4187
E-mail: alyssa@smithandlowney.com,
evelyn@smithandlowney.com